Fred Tuttle, Appellant, *vs.* George H. Fletcher and others.

Somerset.  Opinion November 28, 1899.

*Insolvency. Appeal. Action. R. S., c. 70, §§ 12, 49; c. 82, § 1. Rule of Court, II.*

An appeal in insolvency is not an an "action" within R. S., c. 82, § 1, or Rule II of this court.

The supreme judicial court takes jurisdiction of appeals from decrees of judges of insolvency by force of R. S., c. 70, § 12 ; and such appeals are to "be taken to the supreme judicial court next to be held within and for the county where the proceedings are pending."

*Held;* that such appeals, to be effective, must be taken and prosecuted as provided by the statute.

An insolvent debtor appealed from a decree of the insolvent court, annulling a discharge previously granted to him, to the following term of the supreme judicial court. He did not enter his appeal, nor file a certified copy of the application for annulment on the first day of that term as required by R. S., c. 70, §§ 12 and 49; but on the fourteenth day of the term asked leave to enter his appeal, which was granted. *Held;* that the appellate court did not have authority to allow the appeal to be entered after the first day of the term.

Agreed Statement of Facts and Exceptions by Defendants.

This was an appeal from a decree of the judge of the court of insolvency, for Somerset county, annulling a discharge in insolvency granted to the plaintiff Tuttle.

On July 15, 1891, the plaintiff, Tuttle, filed in the insolvency court, for Somerset county, his voluntary petition in insolvency and on the same day was by the judge of said court duly adjudged and decreed to be an insolvent debtor, and after due proceedings had, was on July 10th, 1895, by said judge, granted a discharge in due form from all his debts provable in insolvency.

At the time of filing the petition in insolvency and granting said discharge, the defendants, Fletcher & Co., were, and ever since have been creditors of said Tuttle, secured in part only by a real estate mortgage worth much less than the amount of his

indebtedness. Said indebtedness, or the balance above the security, was provable against said Tuttle in insolvency.

Fletcher & Co. did not prove their debt, or any part thereof, against Tuttle in insolvency, and took no part whatever in said insolvency proceedings.

Within two years from the granting said discharge, to wit: on May 8th, 1897, Fletcher & Co. filed in said court of insolvency their petition and application to have said discharge in insolvency annulled on the ground that it was fraudulently obtained and for reasons that were unknown to them at the time the discharge was granted.

Notice was ordered and given upon said application and Tuttle duly appeared and answered thereto. The judge of the court of insolvency fully heard the said Fletchers and Tuttle and considered the evidence, and on the 16th day of May, 1898, duly ordered, adjudged and decreed that the said discharge in insolvency be annulled as prayed for; from which decree said Tuttle appealed on May 17th, 1898, to the September term 1898 of the supreme judicial court for said county. Said notice of appeal was seasonably served upon the said petitioners. Tuttle did not enter his appeal, or a copy of the application to have said discharge annulled, on the first day of said September term of the appellate court, but on October 5th, 1898, being the fourteenth day of said September term of said appellate court, filed a motion to then enter his said appeal, which motion the presiding justice granted, and allowed Tuttle to enter his appeal on the fourteenth day of said term, as of the first day of said term.

No further proceedings were had in the court below between the 20th of September, 1898, and the 5th day of October, 1898.

To these rulings of the court the defendants took exceptions.

*A. K. Butler*, for plaintiff.

*Geo. W. Gower*, for defendants.

SITTING: EMERY, HASKELL, STROUT, SAVAGE, FOGLER, JJ.

STROUT, J. On petition of Fletcher & Co., as creditors of

Tuttle, the court of insolvency, on May 16th, 1898, decreed the annulment of a discharge previously granted to Tuttle. From the decree Tuttle appealed to the following September term of the supreme judicial court. He did not enter his appeal, nor file a certified copy of the application for annulment on the first day of that term, as required by R. S., c. 70, §§ 12, 49. On the fourteenth day of the term he asked leave to enter the appeal, as of the first day, which was granted. Exception was taken to this order. The question is: was the presiding justice authorized to allow the entry after the first day of the term?

An appeal in insolvency is not "an action" within R. S., c. 82, § 1, or Rule II of this court. *Milliken* v. *Morey*, 85 Maine, 340. Nor does it vacate the decree appealed from, as is the usual effect in other cases. This results from the peculiar provisions of section 12 of the insolvency law. That section provides that "no appeal in insolvency lies in any case . . . . unless specially provided for" in the insolvency law. It follows that such appeals, to be effective, must be taken and prosecuted as provided by that act. No latitude or discretion is given to the court by the act. Section 49 of the insolvency law, authorizing the proceeding for annulment of a discharge, provides for an appeal to the supreme judicial court next to be held in the same county, "to be taken, heard and determined as provided in section 12." That section provides that the appeal shall be taken to the next term of the court, and directs the procedure with a view to expedition. It then provides: "But if the appellant in writing waives his appeal before the entry thereof, or fails to enter the same on the first day of the term to which such appeal is taken, proceedings may be had in the insolvency court as if no appeal had been taken."

This provision limits the appellant's right to prosecute his appeal to the condition that he shall enter it on the first day of the term. It is not effectual otherwise. The entry perfects the appeal—is an element in it. Unless so perfected, there is no legal appeal, and the decree of the insolvency court stands.

Expedition in closing insolvency proceedings is a leading feature in the law. To this end, section 12 provides that appeals may be

heard by the court, or a single justice in vacation, and if exceptions are taken, summary proceedings for their disposition are provided. The time for appearance, or for doing certain acts, or claiming certain rights as fixed by statute or order of the judge, becomes material. Thus a creditor is allowed to appear at the time assigned by the judge for hearing a debtor's petition for discharge and oppose it. But if he does not appear at that time he has lost his right to oppose. *In re Butterfield,* 80 Maine, 596.

So here, the statute makes the time of the entry of an appeal (the first day of the term) material. If not so entered the appeal is gone. No power is given the court to extend the time, or relieve against carelessness or accident. Such entry is a condition precedent to the prosecution of the appeal in the appellate court. It cannot be entered at a subsequent day of the term, nor at a subsequent term, for any cause. *Palmer* v. *Dayton,* 4 Cush. 270.

That the legislature intended the provision for entry on the first day of the term to be imperative, is apparent when it is seen that serious complications might arise if the entry was permitted at a later day. Section 25 of the insolvent law, relative to proof of claims against the estate, gives an appeal to the claimant or assignee from the decision of the judge, allowing or rejecting a claim, the appeal to be governed by section 12, which provides for entry on the first day of the term, and if not so entered, the proceedings in the insolvency court to go on as if no appeal had been taken. If the claim is allowed by the judge, and the assignee appeals but fails to enter his appeal on the first day, the insolvency court may order distribution of assets among the creditors, including this contested claim, which may be paid by the assignee—and later the appellate court may reject the claim. Or, if the claim is rejected by the insolvency court, and the creditor appeals and neglects to enter his appeal on the first day, the estate may be distributed in the insolvency court among the creditors exclusive of the rejected claim; and if the appellate court allows the claim, there may be no unexpended assets to apply to it.

These complications are avoided by holding, as we do, that the appeal must be entered on the first day of the term of the appel-

late court, and that there is no power in the court to permit an entry at a later day.

*Exceptions sustained.*
*Entry of appeal disallowed.*